Argued June 7, affirmed July 24, 1968

HARRIS, *Respondent, v.* COOMLER ET UX,
*Appellants.*
443 P. 2d 637

*Lawrence N. Brown,* Salem, argued the cause and filed briefs for appellants.

*Sam F. Speerstra,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

The sellers of a farm appeal from a judgment in an action for a real-estate broker's commission.

The purchasers were produced by the broker, but were unable to pay the cash contemplated in their earnest-money agreement. After protracted negotiations with the sellers, the purchasers bought the farm on terms.

The broker had little or nothing to do with closing the transaction. The sellers were of the opinion that the broker had abandoned his efforts to sell the farm after the cash purchase could not be consummated. The sellers accordingly took the position that, under the circumstances of the sale, there was no consideration for their agreement to pay a commission.

The broker sued upon a written agreement, prepared by the broker and signed by the sellers, which committed the sellers "to pay forthwith to the above-named broker a commission amounting to $5,700.00 for services rendered in this transaction." The broker asserted that the commission had been earned when the sellers signed the agreement. The sellers asserted that the agreement was conditional and was not to be binding until the cash transaction contemplated therein had been consummated. The factual questions were resolved by the trial court in favor of the broker. The legal interpretation of the agreement presents the only issue upon appeal.

In view of the terms of the written agreement to pay the commission for services rendered, and in view of the undenied fact that services were rendered, we can find no error in the trial court's resolution of the controversy.

Notwithstanding the sellers' professed disappointment in having to accept time payments instead of

cash, it would appear that the sellers unconditionally committed themselves to pay the commission when they signed the agreement. Any reservations the sellers may have entertained concerning their liability to the broker should have been discussed and reduced to writing before they signed the agreement to pay the commission. See *Killam v. Tenney*, 229 Or 134, 148, 366 P2d 739 (1961). While the *Killam* case involved a listing agreement rather than the broker's part of an earnest-money agreement, the undertaking to pay a commission for services rendered appears to be similar in both cases.

Affirmed.